UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**KARLA CRUZ,**
Individually and on behalf of
all those similarly situated,

      Plaintiff,

      v.                          Case No. 25-CV-1788

**ZARATECORP LTD.,**

      Defendant.

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Karla Cruz, brings individual and representative tip claims under the Fair Labor Standards Act and individual and representative wage deduction claims under Wisconsin law against Defendant, Zaratecorp Ltd. Plaintiff and the putative collective and class are or were employed as servers at La Fuente Restaurant, which is owned and operated by Defendant. Defendant requires servers to pay out of their tips for mistakes made by the kitchen staff, food or beverages that customers return, and food and beverages for which customers refuse to pay. As a result, Defendant keeps tips received by its employees in violation of 29 U.S.C. § 203(m)(2)(B). In addition, Defendant failed to obtain servers' prior written consent to make these deductions from their tips in violation of Wis. Stat. § 103.455.

## PARTIES

2. Karla Cruz is an adult resident of Milwaukee County, Wisconsin.

3. Karla Cruz's consent to join form is filed as Exhibit 1 to this Complaint.

4. Zaratecorp Ltd. is a business corporation incorporated under the laws of Wisconsin.

5. Zaratecorp Ltd.'s registered agent is Jose G. Zarate at 11609 North Bobolink Lane, Mequon, WI 53092.

6. The FLSA Collective is defined as:

> All persons who are or were employed as servers at La Fuente Restaurant at any time during the three years preceding the filing of this complaint.

7. The Deductions Class is defined as:

> All persons who are or were employed as servers at La Fuente Restaurant at any time during the two years preceding the filing of this complaint.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

9. The Court has supplemental jurisdiction over Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form a part of the same case or controversy.

10. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the

events and omissions giving rise to these claims occurred in this district and under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

## FACTUAL ALLEGATIONS

11. La Fuente Restaurant is a restaurant that serves Mexican cuisine.

12. Defendant owns and operates La Fuente Restaurant.

13. On information and belief, in each of the three years preceding the filing of this action, Defendant's gross annual business was $500,000 or more.

14. At times in the past three years, Plaintiff worked as a server at La Fuente Restaurant.

15. Plaintiff processed credit card payments from customers using the internet during each shift at La Fuente Restaurant.

16. Plaintiff served food that traveled in interstate commerce to customers of La Fuente Restaurant.

17. Plaintiff served beverages that traveled in interstate commerce to customers of La Fuente Restaurant.

18. Plaintiff earned a wage of $2.33 per hour for her work as a server at La Fuente Restaurant.

19. Plaintiff earned tips for her work as a server at La Fuente Restaurant.

20. Defendant took a tip credit to meet its minimum wage obligations for Plaintiff.

21. Defendant required Plaintiff to pay out of her tips for mistakes made by the kitchen staff.

22. Defendant required Plaintiff to pay out of her tips for food or beverages that customers returned.

23. Defendant required Plaintiff to pay out of her tips for food and beverages for which customers refuse to pay.

24. Defendant did not obtain Plaintiff's written authorization prior to deducting her tips for mistakes made by the kitchen staff.

25. Defendant did not obtain Plaintiff's written authorization prior to deducting her tips for food or beverages that customers return.

26. Defendant did not obtain Plaintiff's written authorization prior to deducting her tips for food and beverages for which customers refuse to pay.

27. Defendant has common policies and practices regarding the tips and compensation of servers.

28. Servers earn a wage of $2.33 per hour for their work at La Fuente Restaurant.

29. Servers earn tips for their work at La Fuente Restaurant.

30. Defendant takes a tip credit to meet its minimum wage obligations for its servers.

31. Defendant requires servers to pay out of their tips for mistakes made by the kitchen staff.

32. Defendant requires servers to pay out of their tips for food or beverages that customers return.

33. Defendant requires servers to pay out of their tips for food and beverages for which customers refuse to pay.

34. Defendant does not obtain servers' written authorization prior to deducting servers' tips for mistakes made by the kitchen staff.

35. Defendant does not obtain servers' written authorization prior to deducting servers' tips for food or beverages that customers return

36. Defendant does not obtain servers' written authorization prior to deducting servers' tips for food and beverages for which customers refuse to pay.

## CLASS ALLEGATIONS

37. Plaintiff brings the Second Claim for Relief individually and on behalf of the Deductions Class pursuant to Federal Rule of Civil Procedure 23(a) and (b).

38. The persons in the Deductions Class are so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy each class definition.

39. There are questions of law and fact common to the Deductions Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Defendant maintained a common policy and practice of requiring servers to pay out of their tips for mistakes made by the kitchen staff.

b. Whether Defendant maintained a common policy and practice of requiring servers to pay out of their tips for food or beverages that customers return.

c. Whether Defendant maintained a common policy and practice of requiring servers to pay out of their tips for food and beverages for which customers refuse to pay.

d. Whether Defendant maintained a common policy and practice of failing to obtain servers' written authorization prior to deducting servers' tips for mistakes made by the kitchen staff.

e. Whether Defendant maintained a common policy and practice of failing to obtain servers' written authorization prior to deducting servers' tips for food or beverages that customers return

f. Whether Defendant maintained a common policy and practice of failing to obtain servers' written authorization prior to deducting servers' tips for food and beverages for which customers refuse to pay.

40. Plaintiff's claims are typical of those of the Deductions Class. Plaintiff, like other members of the Deductions Class, was subjected to Defendant's illegal deductions policies and practices resulting in a wage loss.

41. Plaintiff will fairly and adequately protect the interests of the Deductions Class and has retained counsel experienced in complex wage and hour litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

43. Certification of the Deductions Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the Deductions Class predominate over any questions affecting only individual Deductions Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the putative Deductions Class members the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

44. Plaintiff intends to send notice to all members of the Deductions Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## TIP THEFT IN VIOLATION OF 29 U.S.C. 203(m)(2)(B)

45. Plaintiff, on her own behalf and on behalf of the FLSA Collective, alleges and incorporates by reference the preceding allegations.

46. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

47. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

48. The FLSA Collective members are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

49. Defendant has kept tips received by its employees in violation of Wis. Stat. § 203(m)(2)(B).

50. Defendants knew that, or showed reckless disregard for whether, their conduct violated the FLSA.

## SECOND CLAIM FOR RELIEF:
## UNLAWFUL DEDUCTIONS IN VIOLATION OF WIS. STAT. § 103.455

51. Plaintiff, on her own behalf and on behalf of the Deductions Class, alleges and incorporates by reference the preceding allegations.

52. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.455.

53. Plaintiff and the Deductions Class members are or were employees of Defendant within the meaning of Wis. Stat. § 103.455.

54. Defendant made deductions from wages earned by Plaintiff and the Deductions Class members for defective or faulty workmanship, lost or stolen property, or damage to property without the individual's prior written consent in violation of Wis. Stat § 103.455.

## REQUEST FOR RELIEF

Plaintiff, on her own behalf and on behalf of the FLSA Collective and Deductions Class, requests the following relief:

    A.    An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective.

    B.    An order certifying this action as a class action on behalf of the Deductions Class under Federal Rule of Civil Procedure 23(b)(3);

    C.    An order designating Plaintiff as representative of the FLSA Collective and Deductions Class;

    D.    An order designating Hawks Quindel, S.C., the FLSA Collective and Deductions Class counsel;

    E.    Leave to add plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

    F.    An order declaring that Defendant maintained policies and practices that violated 29 U.S.C. § 203(m)(2)(B) and Wis. Stat. § 103.455;

    G.    An order finding that Defendant violated 29 U.S.C. § 203(m)(2)(B) and Wis. Stat. § 103.455;

    H.    Judgment against Defendant in the amount of the sum of any tip credit taken and all tips unlawfully kept from Plaintiff and the FLSA Collective members and an additional equal amount in liquidated damages;

    I.    Judgment against Defendant in the amount of all unlawfully deducted wages from Plaintiff and the Deductions Class members and an additional equal amount in liquidated damages/penalties;

J.     An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA; and

K.     Any further relief that the Court deems just and equitable.

Dated: November 14, 2025

                                           <u>s/ Connor J. Clegg</u>
                                           Connor J. Clegg
State Bar Number 1118534
Summer H. Murshid
State Bar Number 1075404
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
E-mail: cclegg@hq-law.com
smurshid@hq-law.com